**Case Nos. 21-5059, 21-5100**
**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

_____

UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit
corporation; ERIN PATTERSON, an individual; GABRIEL BISER, an individual,
*Plaintiffs Appellees Cross-Appellants*
[Case Nos. 21-5048, 21-5055, 21-5057, 21-5058, 21-5059, 21-5100],
v.
WAYNE NABORS, in his official capacity as
County Clerk of Putnam County, TN,
*Defendant Appellant Cross-Appellee* [Case Nos. 21-5059, 21-5100],

HERBERT H. SLATERY, III, in his official capacity as Attorney General
of the State of Tennessee; JENNINGS H. JONES, in his official capacity as
District Attorney General for Rutherford County, TN; NEAL PINKSTON,
in his official capacity as District Attorney General for Hamilton County, TN;
BRYANT C. DUNAWAY, in his official capacity as District Attorney General
for Putnam County, TN; KIM R. HELPER, in her official capacity as
District Attorney General for Williamson County, TN,
*Defendants Appellants Cross-Appellees* [Case Nos. 21-5048, 21-5100],
ELAINE ANDERSON, in her official capacity as
County Clerk of Williamson County, TN,
*Defendant Appellant Cross-Appellee* [Case Nos. 21-5055, 21-5100],
LISA DUKE CROWELL, in her official capacity as
County Clerk of Rutherford County, TN,
*Defendant Appellant Cross-Appellee* [Case Nos. 21-5055, 21-5100],
WILLIAM F. KNOWLES, in his official capacity as
County Clerk of Hamilton County, TN,
*Defendant Appellant Cross-Appellee* [Case Nos. 21-5055, 21-5100], and
BILL LEE, in his official capacity as Governor of the State of Tennessee,
*Defendant Appellee* [Case No. 21-5100].

_____

On appeal from the U.S. District Court, Middle Dist. of Tenn. (No. 2:19-cv-00049)

_____

**REPLY BRIEF OF APPELLANT WAYNE NABORS,**
**in his official capacity as County Clerk of Putnam County, Tennessee**

_____

Jeffrey G. Jones, TN BPR#12680, 1420 Neal Street, Suite 201,
P.O. Box 655, Cookeville, TN 38501 / (931) 372-9123

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    **ULC and the Ministers Do Not Have  Standing
to Pursue Claims Against Nabors in His Official Capacity
as County Clerk of Putnam County, Tennessee** . . . . . . . . . . . . . . 4

        A.    ULC and the Ministers Cannot Establish Traceability
of An Injury as to Nabors in His Official Capacity
as County Clerk of Putnam County, Tennessee . . . . . . . . . . 4

        B.    ULC and the Ministers Cannot Establish That a
Judgment Against Nabors in His Official Capacity
as County Clerk of Putnam County, Tennessee
Would Redress Their Alleged Injury. . . . . . . . . . . . . . . . . . . 11

    II.    **Nabors In His Official Capacity as County Clerk of
Putnam County, Tennessee Is Not a Proper Defendant
Because He Has Not Implemented the 2019 Amendment
to Tenn.Code Ann. § 36-3-301 Related to the Authority
of Persons Ordained Online to Solemnize Marriages** . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*FW/PBS, Inc. v. Dallas*,
493 U.S. 215 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Grant Cty. Deposit Bank v. McCampbell*,
194 F.2d 469 (6th Cir. 1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

*Kitchen v. Herbert*,
755 F.3d 1193 (10th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Maiden v. N. Am. Stainless, L.P.*,
125 F. App'x 1, (6th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

*Mortenson Fam. Dental Ctr., Inc. v. Heartland Dental Care, Inc.*,
526 F. App'x 506 (6th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

*Universal Life Church v. Utah*,
189 F.Supp. 2d 1302 (D.Utah 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

**Statutes and Rules**

Tenn. Code Ann.
    § 36-3-301(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6
    § 36-3-301(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2
    § 36-3-103(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
    § 36-3-101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
    § 36-3-105 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
    § 36-3-109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

**Other Authorities**

87 Op. Tenn. Att'y Gen. 151 (1987),
1987 Tenn AG LEXIS 48 (Sept. 17, 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

97 Op. Tenn. Att'y Gen. 139 (1997)
1997 Tenn AG LEXIS 172 (Oct. 9, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 13

## STATEMENT OF ISSUES

1. Whether the claims against Nabors in his official capacity as County Clerk of Putnam County, Tennessee are barred by Eleventh Amendment immunity.

2. Whether ULC and the Ministers have Article III standing to pursue claims against Nabors in his official capacity as County Clerk of Putnam County, Tennessee.

## SUMMARY OF ARGUMENT

While the Brief of Universal Life Church Monastery ("ULC") and Ministers Biser and Patterson (the "Ministers") cites to a number of cases in which they claim multiple courts have invalidated marriage ordination statutes in cases with clerks as defendants (Appellee Brief, R.36, Page 41), Nabors maintains he is not properly subject to suit in this case. Nabors disputes his office refused to issue a marriage license to dismissed plaintiffs Plumm and Farris. Nabors disputes he prevented non-party ULC minister Michael Veal from performing a wedding ceremony. There is no allegation by ULC or the Ministers that Nabors has refused or threatened to refuse to issue or record a marriage license signed by a ULC minister, that he has issued or recorded such a license, or that he has or ever will be presented with such an opportunity. No harm has occurred to anyone with a nexus to Putnam County.

The factual allegations do not reveal any injury fairly traceable to Nabors. Nabors is a defendant only because he is a county clerk who by the statutes of the State of Tennessee is responsible for the ministerial duty of issuing and processing marriage licenses; not on the basis of any action he has taken or threatened to take as to ULC or the Ministers upon the passage of the amendment to the statute. ULC and the Ministers have not, and cannot, allege any connection between Nabors and enforcement of the challenged law.

Nabors in his official capacity as County Clerk of Putnam County, Tennessee has not implemented <u>Tenn.Code Ann.</u> § 36-3-301(a)(3), as amended by 2019 Tenn.Pub. Acts, Ch. related to the authority of persons ordained online to solemnize marriages. The factual allegations do not reveal any threat of enforcement of the amended law by Nabors as is required to overcome his sovereign immunity defense. Nabors has no authority to enforce the challenged law; nor has he attempted or threatened to enforce it against ULC or the Ministers.

Nabors maintains he is not a proper defendant to this case.

# ARGUMENT

## I. ULC AND THE MINISTERS DO NOT HAVE STANDING TO PURSUE CLAIMS AGAINST NABORS IN HIS OFFICIAL CAPACITY AS COUNTY CLERK OF PUTNAM COUNTY, TENNESSEE.

The district court in its opinion noted none of the parties discussed the case of *Universal Life Church v. Utah*, 189 F.Supp. 2d 1302 (D.Utah 2002), a case which the district court opined presented facts similar to the instant case on the question of standing. While the district court cited that case for the proposition that the ministers in that case could show standing, the plaintiffs' standing in the *Utah* case to challenge the statute was recognized only as to the Governor and the Attorney General of the State of Utah, the only parties sued in that case. As a result, that case is not instructive as to the standing of ULC and the Ministers to pursue claims against the clerks in this case, including the criteria of traceability of the claims against the clerks.

In the instant case, the District Court's finding of traceability with respect to the county clerks hinged on the intention of the Ministers to perform future marriage ceremonies. (Memorandum Opinion, R.236, PageID #3233). There is no allegation any plaintiff minister intends to perform future marriage ceremonies in Putnam County. Further, there is no allegation that Nabors – or any other clerk for that matter – has refused to issue a marriage license because of and since the amendment to the

statute. In the *Utah* case, clerks were not necessary parties to the case, as the Court in that case denied the State's motion for summary judgment, found the statute to be unconstitutional, and permanently enjoined **the State** from enforcing the challenged statute. By inference, the Court in the *Utah* case recognized it was the State who had the responsibility of enforcing the challenged statute, the argument which the clerks in the instant case, including Nabors, have maintained from the outset of this case.

A.   **ULC and the Ministers Cannot Establish Traceability of An Injury In Fact as to Nabors in His Official Capacity as County Clerk of Putnam County, Tennessee.**

ULC and the Ministers have the burden of establishing all three of the criteria necessary to establish standing to pursue their claims against Nabors. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). This includes the criteria of "traceability" of the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Consequent to the District Court's Order of December 22, 2020, the claims of two of the Plaintiffs, a Putnam County married couple, Timeaka Farris and Gale Plumm, were dismissed. (December 22, 2020 Order, R.237, PageID #3247). The dismissal of those claims was not appealed. Prior to the District Court's December 22, 2020 Order, Plaintiff James Welch, a ULC minister who resides in Putnam County, was dismissed as a party. (Order, R.235, PageID #3214). As a result, the only remaining Plaintiffs in this case are Universal Life Church Monastery Storehouse ("ULC") and

4

two of its ordained ministers, Erin Patterson and Gabriel Biser (the "Ministers"), neither of whom have any nexus with Putnam County. Because none of the remaining plaintiffs make any allegation remotely related to Putnam County or Nabors, ULC and the Ministers cannot establish an injury "fairly traceable" to Nabors.

In response to Nabors' argument that dismissal of the claims against him is warranted because there is no remaining named individual plaintiff remaining with any nexus with Nabors, ULC and the Ministers in their Brief rely on the declaration of ULC minister Michael Veal. In addition to Mr. Veal not being a party to this lawsuit, the claims made by Mr. Veal related to Nabors occurred by Mr. Veal's testimony in 2016 and 2017, prior to the statutory amendment which is the subject of this lawsuit. (Declaration of Veal, R.122, PageID #1017-1021). The allegations of Mr. Veal which occurred well prior to the 2019 amendment are not sufficient to establish an injury "fairly traceable" to Nabors.

ULC and the Ministers argue that the harm they suffer is the inability to solemnize valid marriages, which is traceable to the clerks by virtue of a clerk's ability to refuse to issue a license for a marriage that is prohibited or the recording of a marriage license that is legally invalid. That argument is misguided. Contrary to the arguments of ULC and the Ministers, it is not Nabors' duty as clerk to determine

an officiant's compliance with the statute as amended or whether the officiant who signed the license was not authorized to solemnize the marriage pursuant to the amended statute.

Tenn.Code Ann. § 36-3-301(a)(2), as amended by 2019 Public Chapter 415, does not provide that a clerk is prohibited from issuing a license for a marriage that is to be solemnized by a person who has received ordination online. Rather, the statute as amended specifies who is prohibited from solemnizing a marriage. At the time of issuance of the marriage license, the parties obtaining the license are not asked to provide the identity of the person who will be solemnizing the marriage. The application for a marriage license does not request any information regarding the individual who is to solemnize the marriage. (Nabors Affidavit, R.144-1, PageID #1488; Exhibit1 to Nabors Affidavit, R.144-1, PageID #1494). No statute requires that the clerk be provided with officiant information. Therefore, unless the parties obtaining the marriage license volunteer that information to the clerk at the time the license is obtained, the identity and qualifications of the officiant are unknown to the clerk.

Upon return of the marriage license to the clerk for recording, Tennessee law does not authorize county clerks to scrutinize the qualifications of the officiant who signed the marriage license. The Tennessee Attorney General reached this conclusion

in 1987 and again in 1997. See 87 Op. Tenn. Att'y Gen. 151 (1987), 1987 Tenn. AG

LEXIS 48 (Sept. 17, 1987) (county clerks do not have the authority to require proof

that an officiant meets the statutory requirements for solemnizing a marriage). In the

1997 opinion, the Tennessee Attorney General further opined as follows:

> Tenn. Code Ann. § 36-3-301(a) and (b), which defines officiants who may solemnize marriage, does not specify a role for the county clerk related to the officiants' qualifications. In reviewing these statutes, we are guided by several significant principles of statutory construction. Of course, the purpose of statutory interpretation is to ascertain and give effect to legislative intent, which is primarily ascertained from the natural and ordinary meaning of language as used in the context of the entire statute. See, e.g., *Steele v. Ft. Sanders Anesthesia Group, P.C.*, 897 S.W.2d 270, 280 (Tenn. App. 1994), appeal denied, citing *Worrall v. Kroger Co.*, 545 S.W.2d 736 (Tenn. 1977). Moreover, statutes related to the same subject, in *pari materia*, should be read and construed together. See, e.g., *Lyons v. Rasar*, 872 S.W.2d 895, 897 (Tenn. 1994) (citations omitted). Both Tenn. Code Ann. §§ 36-3-303 and 18-6-109 are derived from Chapter 47, Section 1, Acts of 1815 and relate to the same subject. (See annotations to each statute).
>
> Reading these statutes together, we conclude that the legislature has specifically defined the role of the county clerk in issuing and in recording marriage licenses, and has not created any discretion for the clerk to examine the qualifications of persons solemnizing the marriage. The above statutes prescribe exact duties "to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment. . .." *Lamb*, 207 Tenn. at 163 (citation omitted). We have identified no statutory or

decisional law expressly authorizing discretionary review by a clerk of court in this circumstance.

. . .

[fn 2] Indeed, the four cases cited in our recent opinion examining the qualifications of Universal Life Church, Inc., "ministers" to solemnize marriage all involved lawsuits in which a court was required to interpret the authority of the officiant. See, e.g., *Cramer v. Commonwealth*, 202 S.E.2d 911 (Va. 1974), cert. den., 419 U.S. 875 (circuit court, authorized by statute to take proof of religious ordination, rescinded authority of ministers); *State v. Lynch*, 272 S.E.2d 349, 356, 301 N.C. 474, 487 (1980) (examination of qualifications in context of bigamy prosecution); *Ranieri v. Ranieri*, 539 N.Y.S.2d 382, 386, 146 A.D.2d 34, 40 (N.Y. 1989) (lawsuit seeking declaration that marriage was void); and *In the Matter of Last Will and Testament of Cobert C. Blackwell*, 531 So.2d 1193, 1194 (Miss. 1988) (lawsuit where widow sought to renounce husband's will which devised real property to first wife). More recently, the Middle Section Court of Appeals reviewed validity of a marriage, based in part on qualifications of the officiant, in the context of a divorce. *Aghili v. Saadatnejadi*, 1997 W.L. 311544 (Tenn. App.), June 11, 1997.

. . . .

Nor have we found any authority implying such discretion. To the contrary, the statute addressing general responsibilities of county clerks specifies that they are responsible for those duties which may be "by law required of the county clerk." Tenn. Code Ann. § 18-6-111.

(97 Op. Tenn. Att'y Gen. 139 (1997), 1997 Tenn AG LEXIS 172 (Oct. 9, 1997),

R.116-1, PageID #823-26).

ULC and the Ministers stretch the facts a bit throughout their Brief (Doc.36) by stating on pages 6 and 23 that Nabors in his Affidavit (R.144-1) admitted he has the authority to deny a marriage license, implying Nabors can deny issuance of a marriage license to a couple whose marriage is to be officiated by an online ordained minister. This is out of context, given the statement made by Nabors in his Affidavit which addresses the parameters of his authority to refuse issuance of a marriage license: "Even in the case of a couple that is intoxicated or one or both are under the age of 18 as required by Tennessee law, the clerk is required to bring the matter to my attention for me to make the final decision on denying a marriage license." (Nabors Affidavit, R.144-1, PageID #1491). A Tennessee clerk may refuse to issue a license only where the marriage is specifically prohibited by law. Tenn.Code Ann. § 36-3-103(c)(1). Following are statutes which prohibit issuance of a license for marriage:

1)  Tenn.Code Ann. § 36-3-101: prohibiting incestual marriage.

2)  Tenn.Code Ann. § 36-3-105: prohibiting issuance of a license to an applicant who is underage.

3)  Tenn.Code Ann. § 36-3-109: prohibiting issuance of a license when it appears that the applicants or either of them is at the time drunk, insane or an imbecile.

9

The statute as amended also does not prohibit the clerk from recording a marriage license which has been signed by an online ordained officiant. Rather, the statute as amended specifies who is prohibited from solemnizing a marriage, thereby prohibiting an officiant who was ordained online from signing the marriage license. No statute affords the clerk the authority to examine the qualifications of the officiant who signs the marriage license. Even with the 2019 amendment of the statute, the recording of a marriage license with the certification of the officiant, whoever that may be, remains a ministerial duty of the clerk.

Nabors disputes the claim by ULC and the Ministers that the issuance or recording of a license for a marriage solemnized by a ULC would subject the minister to potential criminal liability. The criminal liability cited by ULC and the Ministers would be for falsifying a government record. (Plaintiffs' Resp. To State Motion to Dismiss, R.222, PageID # 2947). The signing and submission of that signed document would be the criminal act. The recording of the document by the Nabors as the clerk is inconsequential to any potential for criminal liability. As a result, any such injury would not be traceable to Nabors. Further, according to the State Defendants, prosecution under the amended statute is not even possible. (State's Memo. In Supp. Of Motion to Dismiss, R.209, PageID #2638; State's Opposition to TRO, R.42, PageID #221-22; State's Memo. In Supp. O Motion to Dismiss, R.116,

PageID #806-07).  The claims of ULC and the Ministers that they have standing based on a threat of criminal prosecution does not establish traceability of an injury as to Nabors.

**B.      ULC and the Ministers Cannot Establish That a Judgment Against Nabors in His Official Capacity as County Clerk of Putnam County, Tennessee Would Redress Their Alleged Injury.**

In order to establish standing to pursue their claims against Nabors, ULC and the Ministers must show that a judgment against Nabors in this action would likely redress their alleged injury.  Having failed to do so, ULC and the Ministers have not met the requirement for standing. With or without the challenged statutory language, Nabors' performance of his ministerial duty with regard to issuing and recording of marriage licenses remains the same.

The District Court in its opinion indicated that if the clerks ignore the amendment to the statute and thereby issue marriage licenses to ULC ministers and their congregants (notwithstanding the amendment), then the marriage is not recognized as valid in Tennessee, which would violate Plaintiffs' constitutional rights. (Memorandum Opinion, R.236, PageID #3242).  The Court went on to state that a judgment invalidating the Amendment would redress Plaintiffs' injury by forcing them (the county clerks) to accept legally valid executed licenses.  The District Court declared that "[i]n a very real sense, the County Clerks hold the keys

11

to valid marriages in this state." Id. However, the issue in this case is not the validity of a couple's marriage license, as no married couple or to-be-married couple is a plaintiff in this matter. Any supposed injury from a marriage license signed by a ULC minister which is recorded by a clerk but, as stated by the District Court is supposedly "invalid", is an injury which would not belong to the minister who signed the license, but rather would belong to the couple who was issued the license. ULC has specifically disclaimed third-party standing. (Brief of Plaintiffs, R.223, PageID #3064).

The redressability prong is not met when a plaintiff seeks relief against a defendant with no power to enforce a challenged statute. *Kitchen v. Herbert*, 755 F.3d 1193, 1201 (10th Cir. 2014) (citation omitted). As mentioned above, the injury would be ULC ministers being subjected to criminal liability for falsifying a governmental record, prosecution of which Nabors as previously discussed has no control over. As also previously discussed, the signing and/or submission of the document would be the criminal act; whether the document was ultimately recorded or not by the clerk would be inconsequential. The clerk has nothing to do with implementing the act with respect to the injuries complained of by Plaintiffs. As a result, any judgment entered by a court against Nabors will not affect his behavior in any way.

Even if prosecution was possible, Nabors has no authority to enforce Tennessee criminal laws and therefore no authority to take enforcement action against online ordained ministers, including ULC ministers, with regard to perceived violations of the amended statute. In fact, even ULC and the Ministers in their Second Amended Complaint do not allege that Nabors has any enforcement authority with regard to any of the criminal penalties for violation of the laws related to the officiating of marriages. (R.80, generally). The amendment of the statute continues the deficiency noted in the Tenn. Att'y. Gen. Op. 967-139 (Oct. 9, 1997) in that the statute, even as amended, fails to establish a mechanism by which Tennessee county clerks can enforce the amendment's prohibition against ministers who are ordained online. Even the District Court recognized that Nabors "did not promulgate either the statute or the Amendment" nor is Nabors "responsible for taking any enforcement action with regard to any alleged violations of the statute." (Memorandum Opinion, R.236. PageID #3231).

**II.**     **Nabors In His Official Capacity as County Clerk of Putnam County, Tennessee Is Not a Proper Defendant Because He Has Not Implemented the 2019 Amendment to Tenn.Code Ann. § 36-3-301 Related to the Authority of Persons Ordained Online to Solemnize Marriages.**

ULC and the Ministers in their Second Amended Complaint infer Nabors can enforce the statute by refusing to record and certify marriages performed by ULC Monastery ministers. (Case Management Order, R.67, PageID #394-5). In support

13

of their claims against Nabors, ULC and the Ministers relied in their Complaint on the allegations of dismissed Plaintiffs Plumm and Farris that Nabors and his staff refused to issue them a marriage license because they were planning to be married by a ULC minister. (Second Amended Complaint, R.80, PageID #484-85). Nabors and his staff deny these allegations. (Nabors Answer, R.111, PageID #732-33; Nabors Affidavit, R.144-1, PageID #1490-91; Brown Affidavit, R.144-2, Page ID #1505-06). During the encounter with Plumm and Farris, neither Nabors nor his staff refused to issue the license to them. Rather, after Plumm and Farris mentioned they planned on having a ULC minister solemnize their marriage, a member of Nabors' staff provided Plumm and Farris with an opinion issued by the Attorney General of the State of Tennessee which stated ministers associated with ULC did not meet the qualifications under Tenn. Code Ann. § 36-3-301 (not yet amended) to solemnize marriages in Tennessee. (Brown Affidavit, R.144-2, PageID #1505; Nabors Affidavit, R.144-1 , PageID #1489; Exhibit 3 to Nabors Affidavit, R.144-1, PageID #1499-1501). Upon learning of the Attorney General's opinion, Plumm and Farris became upset, requested their paperwork, and left the office before the marriage license could be issued. (Nabors Affidavit, R.144-1, PageID #1490). The allegations of dismissed plaintiffs Plumm and Farris related not to any action taken by Nabors or his staff pursuant to the amended statute, but rather to alleged events that occurred

14

prior to the effective date of <u>Tenn.Code Ann.</u> § 36-3-301(a)(2), as amended by 2019 Public Chapter 415.

ULC and the Ministers also rely on a declaration of Mr. Veal, the ULC minister who is not a party to this lawsuit, claiming Mr. Veal's efforts to solemnize marriages in Putnam County were blocked by Nabors. However, contrary to the assertions of ULC and the Ministers, Nabors did not block Mr. Veal's efforts to solemnize marriages in Putnam County. Rather, by Mr. Veal's own testimony, Nabors on both occasions merely told Mr. Veal that online ordinations were not valid:

> A. ... He informed me that, no, there isn't a requirement to register but that online ordinations are not valid and I would not be able to legally perform a wedding ceremony in Tennessee.
>
> Q. Can you tell me when that occurred?
>
> A. November of 2016, I believe.
> ...
> He was — he was exceptionally clear that under Tennessee state law, online ordinations are not legal and valid and he said it doesn't meet the legal criteria.
> ...
> It was — it was that it didn't meet that Considered and Deliberate Act decision.
>
> Q. ... And so at that time, you weren't asking for a marriage license; is that correct?
>
> A. That's correct.

(Deposition of Veal, R.144-5, PageID #1670-71).

Q. .... if you could tell me what happened in the second incident.
....

A. ... (Mr. Nabors) confirmed that, yeah, online ordinations are not valid in Tennessee.

Q. And this happened — do you remember when it happened?

A. I want to say 2017, but I'm not positive.

(Deposition of Veal, R.144-5, PageID #1673-74).

On both occasions, Nabors never told Mr. Veal he could not perform the ceremony.

ULC and the Ministers have not alleged that Nabors has engaged in any implementation of Tenn.Code Ann. § 36-3-301(a)(3), as amended by 2019 Public Chapter 415. ULC. The Ministers cannot claim Nabors has acted in any way to enforce the challenged amendment or act in derogation of the statute, since the amendment at issue in the present case had not even taken effect when the instant litigation was initiated, and the District Court promptly ordered the parties to "maintain the status quo" pending a trial on the merits. (Order, R.53, PageID #318-19). The information which Nabors and his staff provided to Plumm and Farris regarding marriages solemnized by ULC ministers was a 2015 Tennessee Attorney General Opinion which addressed a 1998 amendment to Tenn.Code Ann. § 36-3-301,

all of which predated the 2019 amendment to the statute which is the subject of this lawsuit. (Exhibit 3, Nabors Affidavit, R.144-1, PageID #1500-01).

## CONCLUSION

Nabors takes no position as to the merits of the constitutional challenge of ULC and the Ministers to <u>Tenn.Code Ann.</u> § 36-3-301(a)(2) as amended. The clerks are not necessary parties to this litigation, and it is counterproductive to retain as parties clerks who:

(a) have no position as to the constitutionality of the Amendment;

(b) have neither taken, nor threatened, any action to enforce the Amendment;

(c) are not charged with enforcement of the Amendment and have no mechanism to effect such enforcement;

(d) lack any statutory obligation or authority to defend the statute, and are insufficiently adversarial parties because they have no personal stake in the outcome of the litigation; and

(e) have no ability to change the 2019 amendment.

For the foregoing reasons, as well as those stated in Nabors' original Brief, the claims of ULC and the Ministers against Nabors in his official capacity as County Clerk for Putnam County should be dismissed. Nabors requests this Court issue an

17

order reversing the decision of the District Court and directing he be dismissed as a party hereto.

Alternatively, Nabors, along with the other clerks, should be held to be nominal parties, as they have "no interest in the result of the suit and [therefore] need not be made a party[]" thereto. *Mortenson Fam. Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506, 508 (6th Cir. 2013) (citing *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004)(quoting *Grant Cty. Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952)). As such, Nabors requests he be designated a nominal party, relieved from participation in the balance of this litigation and insulated from any award of attorney's fees.

Respectfully submitted,

s/Jeffrey G. Jones
Jeffrey G. Jones, BPR No. 12680
WIMBERLY LAWSON WRIGHT DAVES &
JONES, PLLC
1420 Neal Street, Suite 201
Cookeville, TN 38501
Telephone: (931) 372-9123
Email: jjones@wimberlylawson.com
Attorney for Appellant Wayne Nabors, in his
official capacity as County Clerk of Putnam
County, Tennessee

June 21, 2021

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because it contains 4106 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

The brief also complies with the typeface requirement of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because it has been prepared in proportionally spaced typeface in Times New Roman 14-point font.

/s/ Jeffrey G. Jones
JEFFREY G. JONES

June 21, 2021

# CERTIFICATE OF SERVICE

I, Jeffrey G. Jones, hereby certify that on June 21, 2021, a copy of the Reply Brief of Appellant Wayne Nabors, in his official capacity of County Clerk for Putnam County, Tennessee, was filed electronically through the appellate CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated below and on the electronic filing receipt.

Rocklan W. King, III
Adams and Reese LLP
424 Church Street, Suite 2700
Nashville, TN 37219
Phone: (615) 259-1450
Email: rocky.king@arlaw.com

Lucian T. Pera
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, TN 38119
Phone: (901) 524-5278
Email: Lucian.pera@arlaw.com

Bruce E.H. Johnson
Ambika K. Doran
Robert E. Miller
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Phone: (206) 622-3150
Email: brucejohnson@dwt.com
        ambikadoran@dwt.com
        robertmiller@dwt.com

Nicholas Christiansen
Daniel W. Ames
Attorney for Lisa Duke Crowell, in her official capacity as
Clerk of Rutherford County, Tennessee
16 Public Square North
Murfreesboro, TN 37133
Email: nchristiansen@mborolaw.com
        dames@mborolaw.com

Mary Neill Southerland
Rheubin M. Taylor
Sharon McMullan Milling
Attorney for William Knowles, in his official capacity as
Clerk of Hamilton County, Tennessee
204 Courthouse, 625 Georgia Avenue
Chattanooga, TN 37402
Email: neills@hamiltontn.gov
        rmtaylor@hamiltontn.gov
        sharonm@hamiltontn.gov

Lisa M. Carson
Lee Ann Thompson
Attorney for Elaine Anderson, in her official capacity as Clerk of Williamson County, Tennessee
306 Public Square
Franklin, TN 37064
Email: lcarson@buergerlaw.com
 lthompson@buergerlaw.com

Leslie Ann Bridges
Senior Deputy and Counsel to the Attorney General of the State of Tennessee
Steven A. Hart
Special Counsel for the Office of the Tennessee Attorney General
Mathew Daniel Cloutier
Assistant Attorney General
301 6th Avenue North
Nashville, TN 37243
Email: Leslie.Bridges@ag.tn.gov
 Steve.Hart@ag.tn.gov
 Matt.Cloutier@ag.tn.gov

/s/ Jeffrey G. Jones
JEFFREY G. JONES