# NO. 21-5058

In the
United States Court of Appeals
for the Sixth Circuit

# Universal Life Church Monastery, et al

Plaintiff-Appellee

v.

# Wayne Nabors, et al

Defendant-Appellant

On Appeal from the United States District Court
For the Middle District of Tennessee, Northeast Division
No. 2:19-CV-00049

# Third Brief for Defendant-Appellant
# William F. Knowles, Hamilton County Clerk

**Rheubin M. Taylor**
Hamilton County Attorney

**Mary Neill Southerland**
Assistant Hamilton County Attorney

**Sharon McMullan Milling**
Assistant Hamilton County Attorney

Hamilton County Attorney's Office
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
Phone: 423-209-6150
Fax: 423-209-6151
Email: RMTaylor@HamiltonTN.gov
      NeillS@HamiltonTN.gov
      SharonM@HamiltonTN.gov

# TABLE OF CONTENTS

Table of Authorities ......................................................................................... ii

I.    Argument ...................................................................................................1

    A.  Mr. Knowles Was Required to Presume the Constitutionality of the Statute ........................................................................................................1

    B.  Mr. Knowles Relies on the Plaintiffs' Assertion in the Record that They Are Seeking Only Injunctive Relief as to Mr. Knowles ...........................2

    C.  The Remaining Issues between the Parties Have Been Addressed in Prior Briefing and Mr. Knowles Relies on His Original Briefing in Response to the Plaintiffs' Cross-Appellant Original Briefing ......................................5

II.   Conclusion .................................................................................................6

Certificate of Compliance ...................................................................................7

Certificate of Service and Filing .........................................................................8

# <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Cruz v. Chevrolet Grey Iron, Div. of Gen. Motors Corp.,* 398 Mich. 117, 247 N.W.2d 764, 766 (1976)................................................................................................1

*Waters v. Farr,* 291 S.W.3d 873, 883 (Tenn. 2009).................................................2


**<u>Statutes</u>**

*Tenn. Code Ann.* § 36-3-301(a), as modified by 2019 Pub. Ch. 415.........................1

**<u>Rules</u>**

*Fed. R. App. P.* 32(a)(7)............................................................................................7
*Fed. R. App. P.* 32(a)(7)(B)(iii)................................................................................7

# I. ARGUMENT

William Knowles ("Mr. Knowles") shows the following as his Third Brief:

**A.     Mr. Knowles Was Required to Presume the Constitutionality of the Statute.**

The Plaintiffs-Appellees ("Plaintiffs") aptly noted in their responsive brief that "the county clerks of Williamson, Ruther, Putnam and Hamilton [C]ounties…have not offered a single argument defending the constitutionality of [the] marriage solemnization statute (Tenn. Code Ann. § 36-3-301(a), as modified by 2019 Pub. Ch. 415 (the "Act"))." (Doc. 35, Page: 17).  Mr. Knowles' position, as well as that of the other Clerks, is well founded: "A statute comes to a court 'clothed in a presumption of constitutionality [since] the Legislature does not intentionally pass an unconstitutional act.'" *Waters v. Farr,* 291 S.W.3d 873, 882 (Tenn. 2009)(quoting *Cruz v. Chevrolet Grey Iron, Div. of Gen. Motors Corp.,* 398 Mich. 117, 247 N.W.2d 764, 766 (1976)(alteration in original))).

Mr. Knowles offered no such argument because it was not in Mr. Knowles' purview to do so.  Rather, Mr. Knowles was and is required to presume that the statutory law of the State of Tennessee is constitutional until it is determined not to be so by a Court.

Given that neither Rev. Biser, nor any other Plaintiff, has made any specific allegations as to Mr. Knowles whatsoever and recognizing that the State bears the

responsibility for defending the constitutionality of statute, Mr. Knowles' primary concern throughout the course of this litigation has been the impact on the taxpayers of Hamilton County as to the possibility that the Plaintiffs would seek damages, attorneys' fees and costs.

**B.     Mr. Knowles Relies on the Plaintiffs' Assertion in the Record that They Are Seeking Only Injunctive Relief as to Mr. Knowles.**

Mr. Knowles, as the Hamilton County Clerk, has sought only to obey the law. The Plaintiffs have made no allegations against Mr. Knowles that he has violated the law as it existed, either prior to the litigation or since. In fact, the Plaintiffs, while calling Mr. Knowles' positions contradictory, have conceded that Mr. Knowles and the other Clerks were effectively unable to follow one element of the law if it followed the other, and vice versa.

Mr. Knowles has defended this litigation with the main goal of preventing any financial burden to the taxpayers of Hamilton County in the form of unwarranted damages, attorneys' fees or costs. With that in mind, he has repeatedly made no objection whatsoever to the injunction requested by the Plaintiffs and imposed by the District Court, taking the position that the constitutionality of the statute at issue is a matter for the State to defend.

Moreover, he, along with the other Clerks, has unsuccessfully attempted, both informally and formally in various briefings and hearings, to be declared or

considered a nominal party so as not to increase the attorney fees incurred by the Plaintiffs relative to this litigation and Mr. Knowles' part in it. Mr. Knowles has likewise relied upon the operative complaint in this matter, the Second Amended Complaint ("SAC"), which states that the Plaintiffs are entitled to damages, attorney fees and costs. (R. 80, PageID ##: 488-490, 493-495, 496, ¶¶ 64, 69, 74, 80, 97, 101, 108, and c).

In an apparent change of position, the Plaintiffs made the following statement in their most recent brief:

> "Mr. Knowles insists that Plaintiffs are not seeking solely injunctive relief because the SAC states in one paragraph that Plaintiffs are entitled to 'declaratory and injunctive relief, as well as damages, costs, and attorneys' fees.' Knowles Br. at 20; *see also* Nabors Br. at 57 ('ULC/Ministers are not entitled to any monetary relief against Neighbors.'). But the reference to damages was inadvertent.[1] The 'Prayer for Relief' in the SAC makes no claim for damages. (SAC, R. 80, Page ID# 495-496)[2]. Plaintiffs have repeatedly stated that they seek ***only injunctive relief***, and the District Court recognized this. *See* (Mem. Op., R. 236, Page ID# 3242-3243)." (Emphasis added).

> ULC Brief at 35, FN 11.

---

[1] The Plaintiffs contend that the reference to damages in a single paragraph was inadvertent; however, the SAC contains seven references to damages, which, for the purposes of this briefing, are also be considered inadvertent on the part of the Plaintiffs. (R. 80, Page ID ##: 488-490, 493-495, ¶¶ 64, 69, 74, 80, 97, 101 and 108).

[2] While paragraph (c) of the Plaintiff's demand does not specifically request damages, paragraph (d) requests "such other relief as the Court deems just and proper," which leaves the door open not only for attorneys' fees and costs, but also for damages to be assessed against Mr. Knowles.

While the Plaintiffs reference the District Court's memorandum opinion (R. 236), the above quoted statement in their most recent brief marks the first time they have definitively stated in the written record that they are seeking "***only injunctive relief***." (*See* ULC Brief at 35, FN 11).

The remainder of the record in this case says otherwise. The Plaintiffs stated that damages, attorneys' fees and costs were appropriate in each of their Complaints. (R. 1, PageID #s: 10-12, 14-16, 21; R. 55, PageID #s: 332-334, 337-340; and R. 80, PageID #s: 487, 489-490, 493-496). In their Amended Complaint and Second Amended Complaint, the Plaintiffs' specifically requested attorneys' fees and costs in their prayers for relief. (R. 55, PageID #: 340, ¶ c; R. 80, PageID #: 496, ¶ c). Moreover, the requested other "appropriate relief" when read in conjunction with each section of the SAC does not preclude damages.

The Plaintiffs have relied upon the District Court to make a determination as to whether they are entitled to attorney fees from Mr. Knowles, referring to the Clerks generally, "if…they are improper parties, the Court will dismiss them, and the specter of paying Plaintiffs' attorney fees…will vanish." (R. 102, PageID #: 623, FN 3). In other briefs, the Plaintiffs further stated that "the Court noted that the State would 'likely' be responsible for Plaintiffs' attorney fees should Plaintiffs prevail." (Doc. 152, PageID #: 2058). Finally, in their response to the State's letter regarding the effect of the State's prior appeal on a prospective trial date involving only the

Clerks in December of 2019, the Plaintiffs stated that "…Plaintiffs will seek their fees, whether against the Clerks or the State Defendants." (Doc. 167, PageID #: 2258).

Regardless of the record regarding the Plaintiffs' previous intent to seek damages, attorney fees and costs, Mr. Knowles relies upon the Plaintiffs' current admission on this record that they seek "***only injunctive relief***" and have renounced any claim they may have asserted for damages, attorneys' fees and costs against him. To the extent it is adopted by this Court, this admission and renunciation satisfies Mr. Knowles' alternative prayer for relief in which he, *i.e.,* the taxpayers of Hamilton County, requested to be insulated from any award of damages, attorneys' fees and costs. Should the Plaintiffs take the contrary position in the future that it was never their intent to renounce a claim for attorneys' fees or costs against Mr. Knowles, Mr. Knowles nevertheless requests this Court, in light of his lack of opposition to "***only injunctive relief***" sought by the Plaintiffs, to grant him relief from any award of any attorneys' fees or costs in this matter.

**C.     The Remaining Issues between the Parties Have Been Addressed in Prior Briefing and Mr. Knowles Relies on His Original Briefing in Response to the Plaintiffs' Cross-Appellant Original Briefing.**

Mr. Knowles thoroughly briefed his position as to all issues not addressed herein in the First Brief. The Plaintiffs appear to have done likewise. Mr. Knowles

submits that all matters have been thoroughly briefed by both Parties and this case is ready for this Court's review.

## II. CONCLUSION

Mr. Knowles asserts no opinion relative to the validity of the statute as he was and is required to presume the constitutionality of a statute. The Plaintiffs have now conceded before this Court in the written record that they are not seeking damages, attorneys' fees or court costs from Mr. Knowles, *i.e.*, Hamilton County.

In his prior brief, Mr. Knowles requested that that he be designated a nominal party and relieved from participation in the balance of this litigation as an active participant since he can only follow the statute as written or as directed by the Court, which he did and is doing. Mr. Knowles now renews these prior requests and amends his request to further ask that this Court adopt the Plaintiff's admission that it is not seeking damages, attorney fees or court costs from Mr. Knowles.

**HAMILTON COUNTY ATTORNEY'S OFFICE**

By:   //s// *Mary Neill Southerland*
　　　　Rheubin M. Taylor, BPR No. 1395
　　　　Mary Neill Southerland, BPR No. 1583
　　　　Sharon M. Milling, BPR No. 36876
　　　　*Attorneys for Defendant Bill Knowles*
　　　　625 Georgia Avenue, Suite 204
　　　　Chattanooga, TN 37402
　　　　Telephone/Fax: 423-209-6150 / 6151
　　　　Email:  NeillS@HamiltonTN.gov
　　　　　　　　RMTaylor@HamiltonTN.go
　　　　　　　　SharonM@HamiltonTN.gov

## <u>CERTIFICATE OF COMPLIANCE</u>

In accordance with *Fed. R. App. P.* 32(a)(7), I certify that this brief has been produced using 14 point, Times New Roman, with double spaced lines except for allowable single spaced matter. I further certify that as counted by Microsoft Word, this brief is in compliance with *Fed. R. App. P.* 32(a)(7)(B)(iii) and contains 1,459 words in the text and footnotes, exclusive of the cover page, Table of Contents, Table of Authorities, Certificate of Compliance, Certificate of Service and Addendum.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 6th day of July, 2021, a true and correct copy of the foregoing document was electronically filed utilizing the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated below and on the electronic filing receipt.

Rocklan W. King, III, Esq.
Adams and Reese LLP
424 Church Street, Suite 2700
Nashville, TN 37219

Lucian T. Pera, Esq.
Adams and Reese LLP
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, TN 38119

Bruce E.H. Johnson, Esq.
Ambika K. Doran, Esq.
Robert E. Miller, Esq.
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104

Jeffrey G. Jones, Esq.
Wimberly, Lawson, Wright, Daves & Jones, PLLC
1420 Neal Street
Cookeville, TN 38501

Nicholas Christiansen, Esq.
Daniel W. Ames, Esq.
Cope, Hudson, Reed & McCreary, PLLC
16 Public Square North
Murfreesboro, TN 37133

Lisa M. Carson, Esq.
Lee Ann Thompson, Esq.
Buerger, Moseley & Carson, PLC
306 Public Square
Franklin, TN 37064

Leslie Ann Bridges, Esq.
*Senior Deputy of Public Protection Section and nd Counsel to the Attorney General*
Steven A. Hart, Esq.
*Special Counsel*
Matthew D. Cloutier, Esq.
*Assistant Attorney General*
*Office of the Attorney General*
P.O. Box 20207
Nashville, TN 372020

              *s/ Sharon M. Milling*